

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700  (973)645-2700
Newark, NJ 07102

April 19, 2011

Gerald Shargel, Esq.
Shargel Law Firm
570 Lexington Avenue, 45th Floor
New York, New York 10022

    Re:   United States v. Anselmo Genovese et al.,
           Crim. No. 011-165
           United States v. Anselmo Genovese,
           Crim. No. 11-164 (SRC)

Dear Mr. Shargel:

    This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the Court's Order for Discovery and Inspection, and seeks reciprocal discovery.

### Disclosure by the Government

    This will confirm that on or about April 8, 2011, Evan Lipton, Esq., of your office was given the opportunity to inspect twenty-three boxes of records maintained at the Department of Labor, Office of the Inspector General, in Mountainside, New Jersey. At that time, Mr. Lipton indicated that he wished to order copies from the government of the entire contents of Boxes 6 through 23. The government is in the process of scanning the contents of those boxes and making the appropriate redactions pertaining to the social security numbers, addresses, phone numbers, bank account information, and date of birth of third parties. Given the volume of the material and the extensive amount of non-pertinent personal information contained therein, particularly on the Broadway Concrete payroll records, this process has required an extensive investment of time and manpower. The government is doing its best to provide the documents as quickly as possible. It is expected that a disc(s) containing a portion of the scanned and redacted documents will be mailed to your office tomorrow. It is the government's understanding that arrangements will be made by your office to share and/or copy the disc with the remaining defense counsel. Further disc(s) will follow as the redaction process is completed.

Enclosed please find the following additional documents:

1. FBI 302 regarding the surrender of defendant Anselmo Genovese at the Newark FBI office on 3/23/11 following notification that the FBI had an arrest warrant;

2. Criminal Case History of defendant Anselmo Genovese.

3. Report of Examination from FBI Laboratory, dated September 17, 2009, re Eric Haynberg and Rocco Mazzaferro.

4. Report of Laboratory Examination from Internal Revenue Service, Criminal Investigation, National Forensic Laboratory, dated June 3, 2010 re Pasquale Zinna.

5. Report of Laboratory Examination from Internal Revenue Service, Criminal Investigation, National Forensic Laboratory, dated June 3, 2010 re Janeen Zinna.

6. Report of Laboratory Examination from Internal Revenue Service, Criminal Investigation, National Forensic Laboratory, dated March 30, 2011 re Janeen Zinna.

Please be further advised that on the above date the following documents were sent to counsel for Pasquale and Janeen Zinna: 1) copies of Pasquale Zinna and Janeen Zinna's federal and state income tax returns for 2007, and 2) records obtained from the Social Security Administration regarding Pasquale Zinna's social security disability claim. If you believe that you need these records for your defense and can not obtain them from counsel for the Zinnas, please let me know.

The Government recognizes its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding your client, but will provide timely disclosure if any such material comes to light. The Government will provide potential impeachment material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

<u>Disclosure by the Defendant</u>

The Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, data, photographs, tangible objects, buildings or

places, or copies or portions of any of these items that are in the defendant's possession, custody, or control and which the defendant intends to use in the defendant's case-in-chief at trial; and (2) any results or reports of any physical or mental examination and of any scientific test or experiment that is in the defendant's possession or control and which the defendant intends to use in the defendant's case-in-chief at trial or which was prepared by a witness whom the defendant intends to call at trial. We further request that you disclose a written summary of testimony you intend to use under Fed. R. Evid. 702, 703 and 705 as evidence at trial. This summary should describe the opinions of the witness, the bases and reasons therefore, and the witness's qualifications.

Pursuant to Fed. R. Crim. P. 26.2, the Government also requests that the defendant disclose prior statements of witnesses the defendant will call to testify. We request that such material be provided on the same basis upon which we agree to supply the defendant with Section 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2(a) & (b) requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

The Government requests a response to our Rule 12.2 demands within the time period allowed by the Court for the filing of pre-trial motions.

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

        Very truly yours,

        PAUL J. FISHMAN
        United States Attorney

        By: LESLIE FAYE SCHWARTZ
        Assistant U.S. Attorney

w/enc.



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700  (973)645-2700
Newark, NJ 07102
April 25, 2011

Gerald Shargel, Esq.
Shargel Law Firm
570 Lexington Avenue, 45th Floor
New York, New York 10022

     Re:  <u>United States v. Anselmo Genovese et al.</u>,
           Crim. No. 011-165
           <u>United States v. Anselmo Genovese</u>,
           Crim. No. 11-164 (SRC)

<u>By FedEx</u>

Dear Mr. Shargel:

    This letter provides further discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the Court's Order for Discovery and Inspection, and seeks reciprocal discovery.

    Enclosed please find a DVD containing scanned and redacted documents from certain of the boxes that defense counsel requested be copied when they conducted a review of materials stored at the offices of the Dept. of Labor, OIG in Mountainside, New Jersey on April 8, 2011. In particular, documents that were maintained in the following boxes are included on the enclosed disc: 6, 7, 10, 11, 12, 13, 14, 15, 16, 19, 20, and 21. Please note that the documents are maintained on the discs in files and folders which correlate to the boxes and redwells in which they were originally stored. Files with the designation "R" represent files that required redaction. Also enclosed to assist you in reviewing the enclosed material is an index which generally describes the nature of the items contained in each file and/or folder. It is my understanding that you will arrange for defense counsel for the co-defendants in <u>U.S. v. Anselmo Genovese</u>, et al., Crim. No. 11-165, to receive a copy of the enclosed DVD. A copy of the index is being mailed to all counsel.

    Please note that all of the documents in the requested boxes have been scanned. Unfortunately, the redaction process is not yet completed on all of the boxes. Due to a computer malfunction, certain boxes that were previously scanned and redacted were deleted from the system and had to be restored through the use of backup tapes which

1

delayed the discovery process. We hope to get a DVD containing the contents of the remaining six boxes out in the mail by Wednesday. By separate letter, I am advising Judge Hayden of the status of the discovery process.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: LESLIE FAYE SCHWARTZ
Assistant U.S. Attorney

cc: remaining defense counsel w/index

**United States v. Anselmo Genovese, et al.**
**Crim. No. 11-165**

**United States v. Anselmo Genovese,**
**Crim. No. 11-164**

## DISCOVERY – INVENTORY OF SCANNED BOXES – 4/25/11

| Box No. | General Description of Contents |
| --- | --- |
| 6R - | Copies of Broadway Concrete payroll/timekeeper records relating to New York projects |
| 7R- | Set 1 through Set 4 - Copies of Broadway payroll/timekeeper records relating to New York projects |
| 10R- | Copies of Broadway Concrete payroll/timekeeper records relating to New York construction projects |
| 11R- | **Folder #1:** Copies of Broadway Concrete payroll/timekeeper records for Brooklyn Renaissance project |
| | **Folder #2:** Copies of Broadway Concrete payroll/timekeeper records for Brooklyn Renaissance project |
| | **Folder #3:** Copies of Broadway Concrete payroll/timekeeper records for Oceana "K" project |
| | **Folder #4:** Copies of Broadway Concrete payroll/timekeeper records for 129th Street project |
| 12R- | Copies of Broadway Concrete payroll/timekeeper records relating to New York construction projects |
| 13- | **Folder # 1:** Copies of Broadway Concrete checks paid from JP Morgan Chase accounts; payroll records (W-2s, 1099s, W-4s) from Broadway Concrete |
| | **Folder # 2:** Dominick Zinna payroll records from Broadway Concrete; Rocco Mazzaferro payroll records; Calvacante payroll records; Radonjich payroll records |
| | **Folder #3:** Collective Bargaining Agreement, List of 77 Hudson Street employees |

| Box No. | General Description of Contents |
|---|---|
| 13, cont. | **Folder #4**: Relevant Broadway Concrete checks from JP Morgan account |
| 13R- | **Folder #1R-** Broadway Concrete payroll records for New York projects |
| | **Folder #2R-** 77 Hudson Street payroll records from Broadway Concrete |
| | **Folder #3R-** Payroll records for Dominick Zinna |
| | **Folder #4R-** Payroll records for Mazzaferro, Zinna's, Vincenzo Genovese for New York and 77 Hudson Street projects |
| | **Folder #5R-** Broadway Concrete payroll records for New York laborers on 77 Hudson Street project |
| | **Folder #6R-** New Jersey laborers payroll records for 77 Hudson Street project |
| 14R- | Copies of District Council of Cement and Concrete Workers records relating to Broadway Concrete and 77 Hudson Street project |
| 15- | Copies of LIUNA Local 325 telephone records |
| 16- | **Folder #1**: Cement Mason's Local 780 records relating to Broadway Concrete; Local 780 enrollment records; Local 780 agreements |
| | **Folder #2**: Cement Mason's Local 780 contribution reports, employment lists from Local 780 |
| | **Folder #3**: Cement Mason's Local 780 contribution reports; Local 780 Fringe Benefit Fund records; Local 780 records relating to Rocky and Joe Construction, Mazza and Sons, Local 780 bank account records; Local 780 cash disbursement journal; Local 780 billing records; Local 780 Emblem and Empire Health billing records, health care booklets |

| Box No. | General Description of Contents |
|---|---|
| 19- | Copies of various Hunter Roberts Construction documents and records relating to Broadway Concrete and other sub-contractors on the 77 Hudson Street project |
| 20- | Copies of various Hunter Roberts Construction documents and records relating to Broadway Concrete and other sub-contractors on the 77 Hudson Street project |
| 21R- | Folders 1 through 3 - copies of Broadway Concrete payroll reports for 77 Hudson Street project |



U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700  
Newark, NJ 07102  
April 27, 2011

(973)645-2700

Gerald Shargel, Esq.
Shargel Law Firm
570 Lexington Avenue, 45th Floor
New York, New York 10022

    Re:  <u>United States v. Anselmo Genovese et al.</u>,
          Crim. No. 011-165
          <u>United States v. Anselmo Genovese</u>,
          Crim. No. 11-164 (SRC)

<u>By FedEx</u>

Dear Mr. Shargel:

    This letter provides further discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the Court's Order for Discovery and Inspection, and seeks reciprocal discovery.

    Enclosed please find a second DVD containing scanned and redacted documents from the remaining boxes that defense counsel requested be copied when they conducted a review of materials stored at the offices of the Dept. of Labor, OIG in Mountainside, New Jersey on April 8, 2011. In particular, documents that were maintained in the following boxes are included on the enclosed disc: 8, 9, 15, 16, 17, 18, 22, and 23. Please note that documents from boxes 15 and 16 which did not require redaction were previously included in the DVD sent on 4/25/11. Also enclosed to assist you in reviewing the enclosed material is another index which generally describes the nature of the items contained in each file and/or folder. As with the previously forwarded disc, it is my understanding that you will arrange for defense counsel for the co-defendants in <u>U.S. v. Anselmo Genovese</u>, et al., Crim. No. 11-165, to receive a copy of the enclosed DVD. A copy of the index is being mailed to all counsel.

                              Very truly yours,
                              PAUL J. FISHMAN
                              United States Attorney

                              By: LESLIE FAYE SCHWARTZ
                              Assistant U.S. Attorney

cc: counsel w/index

<u>**United States v. Anselmo Genovese, et al.**</u>
**Crim. No. 11-165**

<u>**United States v. Anselmo Genovese,**</u>
**Crim. No. 11-164**

## DISCOVERY - INVENTORY OF SCANNED BOXES  - 4/27/11

| Box No. | General Description of Contents |
|---|---|
| **8R-** | Copies of Broadway Concrete payroll/timekeeper records relating to New York projects |
| **9R-** | Copies of Broadway Concrete payroll/timekeeper records relating to New York projects |
| **15R-** | **Folder #1R:** Copies of LIUNA Local 325 and New Jersey Building Laborers Statewide Benefit Fund records relating to Broadway Concrete and 77 Hudson Street project |
| | **Folder #2R:** Copies of Schulteis and Panettieri audit records relating to Broadway Concrete and 77 Hudson Street project |
| | **Folder #3R:** Copies of District Council of Cement and Concrete Workers and District Council Benefit Funds remittance records for Broadway Concrete and 77 Hudson Street project |
| **16R-** | **Folder #1:** Cement Mason's Local 780 Benefit Fund records relating to Broadway Concrete |
| | **Folder #2:** Cement Mason's Local 780 daily unemployment list |
| | **Folder #3:** Cement Mason's Local 780 contribution reports relating to Broadway Concrete |
| | **Folder #4:** Cement Mason's Local 780 applications for membership |
| | **Folder #5:** Cement Mason's Local 780 pension benefit records for Vincenzo Genovese |
| | **Folder #6:** Cement Mason's Local 780 contribution reports |

| Box No. | General Description of Contents |
| --- | --- |
| 16R, cont. | **Folder #7:** Cement Mason's Local 780 member contribution reports for Mazza and Sons Construction |
| 17R- | **Folder 1 through 3:** Copies of Broadway Concrete timesheets and invoices relating to 77 Hudson Street project |
| 18R- | **Folder #1:** Copy of Local 29 Independent Agreement; copies of fund contribution reports from Broadway Concrete relating to 77 Hudson Street project |
| | **Folder #2:** Copies of fund contribution reports from Broadway Concrete relating to 77 Hudson Street project; copies of cash disbursement journal from Broadway Concrete |
| | **Folder #3:** Copies of Broadway Concrete timesheets and invoices relating to 77 Hudson Street project |
| 22R- | **Folder #1:** Copies of JP Morgan Chase Bank records for Mazzaferro |
| | **Folder #2:** Copies of JP Morgan Chase Bank records for Mazzaferro |
| | **Folder #3:** Copies of JP Morgan Chase and TD Bank records for Mazzaferro |
| | **Folder #4:** Copies of TD Bank records for Pasquale and Janeen Zinna |
| | **Folder #5:** Copies of First Hope Bank records for Janeen Zinna |
| | **Folder #6:** Copies of TD Bank records for Pasquale and Janeen Zinna |
| | **Folder #7:** Copies of First Hope Bank records for Janeen Zinna |
| | **Folder #8:** Copies of First Hope Bank records for Janeen Zinna and children |
| 23- | **Folder #1:** Copies of Emblem Health medical records for Mazzaferro and Zinnas |

| Box No. | General Description of Contents |
|---|---|
| 23, cont. | **Folder #2:** Copies of Empire Blue Cross Blue Shield medical records for Mazzaferro and Zinnas |
| | **Folder #3:** Copies of Emblem Health medical records for Mazzaferro |
| | **Folder #4:** Copies of Aetna medical prescription records for Mazzaferro |
| | **Folder #5:** Medical records provided by Cement Mason's Local 780 for Mazzaferro |
| | **Folder #6:** Transunion and Experian credit reports |
| | **Folder #7:** Copies of Jet Blue Airways records for Mazzaferro; copies of City Furniture records for Mazzaferro; copies of Baer Furniture records for Mazzaferro. |
| | **Folder #8:** Cement Mason's shop steward books for 77 Hudson Street project |



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700　　　　(973)645-2700
Newark, NJ 07102
May 3, 2011

Gerald Shargel, Esq.
Shargel Law Firm
570 Lexington Avenue, 45th Floor
New York, New York 10022

  Re:  United States v. Anselmo Genovese et al.,
       Crim. No. 011-165
       United States v. Anselmo Genovese,
       Crim. No. 11-164 (SRC)

By FedEx

Dear Mr. Shargel:

   This letter provides further discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and the Court's Order for Discovery and Inspection, and seeks reciprocal discovery.

   Enclosed please find a third DVD containing a small quantity of additional scanned and redacted documents from the boxes that defense counsel requested be copied when they conducted a review of materials stored at the offices of the Dept. of Labor, OIG in Mountainside, New Jersey on April 8, 2011. In particular, the enclosed DVD contains a number of documents that were inadvertently not scanned at the time the earlier discs were prepared. A subsequent comparison of the disc to the original boxes revealed this error. Also enclosed to assist you in reviewing the enclosed material is another index which generally describes the nature of the items contained on the disc. As with the previously forwarded disc, it is my understanding that you will arrange for defense counsel for the co-defendants in U.S. v. Anselmo Genovese, et al., Crim. No. 11-165, to receive a copy of the enclosed DVD. A copy of the index is being mailed to all counsel.

                          Very truly yours,
                          PAUL J. FISHMAN
                          United States Attorney

                          By: LESLIE FAYE SCHWARTZ
                          Assistant U.S. Attorney

cc: remaining defense counsel w/index

**United States v. Anselmo Genovese, et al.**
**Crim. No. 11-165**

**United States v. Anselmo Genovese,**
**Crim. No. 11-164**

**DISCOVERY - INVENTORY OF SCANNED BOXES   - 5/2/11**

| Box No. | General Description of Contents |
|---|---|
| **9R-** | Copies of Broadway Concrete payroll/timekeeper records relating to New York projects (not contained in any redwell in box) |
| **10R-** | Copies of Broadway Concrete payroll/timekeeper records relating to New York projects (not contained in any redwell in box) |
| **16R-** | **Folder #3:** Cement Mason's Local 780 membership records |



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Strike Force*

| | | | |
|---|---|---|---|
| PAUL J. FISHMAN<br>United States Attorney | 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | Phone:<br>Fax: | 973-645-2752<br>973-645-3986 |

*Leslie Faye Schwartz*
*Assistant United States Attorney*

May 6, 2010

The Honorable Katherine Hayden,
United States District Judge
United States Courthouse & Post Office
Federal Square
Newark, New Jersey 07102

  Re:  U.S. v. Anselmo Genovese
     Crim. No. 11- 164
     U.S. v. Anselmo Genovese, et al.
     Crim. No. 11-165

Dear Judge Hayden:

  This letter is submitted to update the Court on the progress of discovery in the above-captioned matter. On April 8, 2011, a representative group of defense counsel, including Evan Lipton, Esq. of the Gerald Shargel Law firm, counsel for defendant Anselmo Genovese, Maurice Sercarz, Esq., counsel for defendant Pasquale Zinna, and Eric Franz, Esq., counsel for defendant Eric Haynberg, came to the offices of the Department of Labor, Office of Inspector General, in Mountainside, New Jersey to examine twenty-three boxes of records that had been acquired by the Department of Labor during the course of the investigation. Following a brief inspection, counsel advised that the defendants wished to obtain copies of the **entire** contents of eighteen of the twenty-three boxes.

  The boxes that counsel wished to copy contained thousands of pages of documents (including payroll/timekeeper records, union membership records, and bank account records) that required redaction as they contained personal information such as social security numbers, phone numbers, bank account information, and addresses of hundreds of individuals who had no involvement in the instant criminal case. The government estimates that 40,000 pages were scanned into the computer. Following the

scanning process, the appropriate redactions were made.[1]  One paralegal, two legal assistants, three agents, and the undersigned participated in this labor intensive process. Thereafter, as per the agreement among the parties, compact discs containing the scanned and redacted documents were turned over to Gerald Shargel, Esq. to be shared and/or copied with the remaining defense counsel.  The dates of disclosure were April 25, 2011 and April 27, 2011.[2]  Thereafter, a small quantity of documents (roughly two hundred pages) - - that were inadvertently not scanned in the first instance - - were contained in a third compact disc sent to defense counsel on May 3, 2011.

In addition to the discovery set forth above, the government provided indexes generally describing the nature of the documents contained on the compact discs, including references to the box/redwell in which the documents were originally stored.  On or about April 19, 2011, the government also sent defense counsel individual packets of discovery which included, where applicable, criminal history records, pre-arrest interview reports, arrest reports, handwriting expert reports, Social Security Administration records, and personal tax returns.

This matter is currently scheduled for a conference before this Court on May 13, 2011 at 10:30 a.m.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

BY: LESLIE F. SCHWARTZ
Assistant U.S. Attorney

cc: all counsel

---

[1]  All counsel and all defendants signed a stipulation waiving any rights they may have to require that personal information of the defendants and their family members be redacted prior to disclosure by the United States.

[2]  Due to the large number of documents requested by defense counsel and a computer glitch that set the discovery process back a couple of days, the government was unable to complete the discovery process by the goal date of April 20, 2011.