UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
UNITED STATES OF AMERICA

    v.

ANSELMO GENOVESE
------------------------------------------------------------------X

No. 11 Cr. 164 (KSH)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
UNITED STATES OF AMERICA

    v.

ANSELMO GENOVESE,
    a/k/a "SAMMY GENOVESE,"
PASQUALE ZINNA,
    a/k/a "PATTY ZINNA," and
    "PATRICK ZINNA,"
JANEEN ZINNA,
ERIC HAYNBERG,
ROCCO MAZZAFERRO, and
VINCENZO GENOVESE,
    a/k/a "Uncle Vinnie"
------------------------------------------------------------------X

No. 11 Cr. 165 (KSH)

**MEMORANDUM OF LAW IN SUPPORT OF ANSELMO GENOVESE'S MOTIONS FOR
CONSOLIDATION AND A BILL OF PARTICULARS**

Gerald L. Shargel
Evan L. Lipton
Law Offices of Gerald Shargel
570 Lexington Avenue, 45th Floor
New York, New York 10022
(212) 446-2323

*Attorney for Anselmo Genovese*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
UNITED STATES OF AMERICA

    v.

ANSELMO GENOVESE
-------------------------------------------------------------------X

No. 11 Cr. 164 (KSH)

**MEMORANDUM OF LAW**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
UNITED STATES OF AMERICA

    v.

ANSELMO GENOVESE,
    a/k/a "SAMMY GENOVESE,"
PASQUALE ZINNA,
    a/k/a "PATTY ZINNA," and
    "PATRICK ZINNA,"
JANEEN ZINNA,
ERIC HAYNBERG,
ROCCO MAZZAFERRO, and
VINCENZO GENOVESE,
    a/k/a "Uncle Vinnie"
-------------------------------------------------------------------X

No. 11 Cr. 165 (KSH)

## INTRODUCTION

On March 18, 2011, Anselmo Genovese was charged in two separate Indictments, Nos. 11 CR 164 (KSH) and 11 CR 165 (KSH). Because the charges in those two Indictments are intimately and fundamentally related, we respectfully submit that they should be "tried together as though brought in a single indictment" under Rule 13 of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 8, 13.

1

A survey of the two Indictments demonstrates that the charges "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan" (see id.):

- Both Indictments allegedly arise out of Genovese's work as a Project Manager for Broadway Concrete, a New York construction company;
- Both Indictments stem from Broadway Concrete's work on a single construction project at 77 Hudson Street, in Jersey City;
- Both Indictments span the years 2007 and 2008;
- Both Indictments allege that employees of Broadway Concrete (including Genovese) conspired to defraud labor unions working at the 77 Hudson Street site (and their respective benefit funds) by circumventing collective bargaining agreements.

By splitting the charges against Genovese into two separate Indictments, the government seeks "two bites at the apple" – two chances to convict Genovese at two separate trials, for a single alleged course of conduct, on a single construction project, at a single job site, by the employees of a single company, during a single time period.  We respectfully submit that this is precisely the situation contemplated by Rule 13, and that the Indictments should be tried together.

In addition, we respectfully submit that a bill of particulars is warranted in this case, to establish a single fact necessary for Genovese to adequately prepare his defense.

## STATEMENT OF FACTS

Indictment No. 11 Cr. 164 (KSH)

Genovese is the lone defendant charged in this four-count Indictment (hereafter "Ind. 164"). Paragraphs One and Two set forth the factual allegations:

- Genovese was a Project Manager at **Broadway Concrete**, a construction company incorporated in New York State. (Ind. 164 at Count One, ¶ 1a.)

- In early 2007, Broadway Concrete commenced work at a construction project located at **77 Hudson Street**, in Jersey City. (Id. at Count One, ¶ 2.)

- Broadway Concrete was subject to a collective bargaining agreement ("**CBA**") with Local 325, a labor union. (Id. at Count One, ¶¶ 1b, 2.)

- The CBA required Broadway Concrete to employ laborers from Local 325. (Id.) It also required Broadway Concrete to make contributions to **Benefit Funds** associated with the union. (Id. at Count One, ¶¶ 1c, 2.)

The Indictment alleges that "[f]rom in or about **early 2007 through in or about April 2008**," Genovese conspired with a Business Manager of Local 325 to allow Broadway Concrete to **circumvent the CBA** by hiring laborers who were not associated with Local 325. (Id. at Count One, ¶¶ 2-9.) It further alleges that Genovese made two payments to his co-conspirator: the first payment was made "[i]n or about the **spring/summer of 2007**" and the second payment was made "[i]n or about the **summer/fall of 2007**." (Id. at Count One, ¶ 10, Counts Two and Three, ¶ 2.) Finally, the Indictment alleges that "[f]rom on or about **May 1, 2007 through in our about April 2008**," Genovese caused the Benefit Funds to lose money as a result of Broadway Concrete hiring laborers who were not associated with Local 325. (Id. at Count Four, ¶ 2.)

Indictment No. 11 Cr. 165 (KSH)

Anselmo Genovese is one of six defendants charged in this 33-count Indictment (hereafter "Ind. 165"). Paragraphs One and Two again set forth the factual background:

- Genovese was a Project Manager at **Broadway Concrete**, a construction company incorporated in New York State. (Ind. 165 at Count One, ¶ 1a, 1b.)
- Broadway Concrete was involved at a construction project located at **77 Hudson Street**, in Jersey City. (Id. at Count One, ¶ 1a.)
- Broadway Concrete was subject to a **CBA** with Local 780, a masons union. (Id. at Count One, ¶ 1g.)
- The CBA required Broadway Concrete to employ masons from Local 780. (Id.) It also required Broadway Concrete to make contributions to **Benefit Funds** associated with the union. (Id. at Count One, ¶ 1h.)

The Indictment alleges that "[f]rom on or about **September 25, 2007 through on or about July 29, 2008**," Genovese, along with other employees of Broadway Concrete, conspired with members of Local 780 to **circumvent the CBA** by allowing a Local 780 mason to work at the 77 Hudson Street project under the name of another Local 780 mason. (Id. at Count One, ¶¶ 2-11.) It further alleges that as a result of this conspiracy, eleven false timesheets were faxed between **October 23, 2007 and May 13, 2008**. (Id. at Counts Two through Twelve, ¶¶ 1-2.) The Indictment also alleges conspiracies to embezzle from the Local 780 Benefit Funds by circumventing the CBA. (Id. at Counts Thirteen through Sixteen.)

Finally, the Indictment alleges a separate conspiracy by Broadway Concrete employees – but not including Genovese – to circumvent the CBA by falsely claiming that a Local 780 mason

performed work at the 77 Hudson Street project. (Id. at Counts Seventeen through Thirty-Three.)

## ARGUMENT

**A.     The Two Indictments In This Case Should be Tried Together Under Rule 13**

We respectfully submit that the two Indictments in this case should be tried together. Rule 13 of the Federal Rules of Criminal Procedure provides that "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. In determining whether cases should be tried together under Rule 13, courts look to the test for joinder set forth in Rule 8 of the Federal Rules of Criminal Procedure. See United States v. Montgomery, 358 Fed. App'x 622, 2009 WL 4906908, at **4-5 (6th Cir. Dec. 18, 2009) (affirming district court's ruling granting government's Rule 13 motion). Rule 8(a) permits the joinder of multiple offenses "if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a)[1]. When "the literal requirements of Rule 8 are

---

[1]     We submit that joinder in this case should be analyzed under Rule 8(a), and not Rule 8(b). Rule 8(b) permits the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).
    Through a series of decisions, the Third Circuit has left undecided the question of whether Rule 8(a) or 8(b) should apply for the joinder of offenses in a multi-defendant case. See United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991) (leaving the question open but noting that "the literal meaning of the Rule requires application of Rule 8(a), irrespective of whether multiple defendants are involved in the case."); United States v. Irizarry, 341 F.3d 273, 287 n.4 (3d Cir. 2003) (applying Rule 8(b) but noting discussion in Eufrasio); United States v. Heilman, 377 Fed. App'x 157, 2010 WL 1583097, at **34, **34 n.34 (3d Cir. Apr. 21, 2010) (noting unsettled state of law and applying Rule 8(a)). We respectfully submit that this Court should follow the Third Circuit's analysis in Heilman, the Circuit's most recent decision on the

5

met, a presumption arises in favor of joinder." United States v. Nguyen, 793 F. Supp. 497, 503 (D.N.J. 1992).

In this case, the test is clearly satisfied. The offenses charged in the two Indictments "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." They both involve employees of the same company (Broadway Concrete), working on the same project at the same job site (77 Hudson Street), during the same time period (2007-2008). Even more directly, the alleged offenses are similar in kind: both Indictments allege conspiracies involving employees of Broadway Concrete to defraud the labor unions working at the site (and their benefit funds) in the same way – by allowing individuals to work at the site who were not permitted to do so under the terms of each CBA. Both Indictments concern Genovese's role as the Project Manager at Broadway Concrete for the 77 Hudson Street project. Because the Indictments are so fundamentally connected, we respectfully maintain that a single trial is appropriate under Rule 13.

Further, although we submit that the fundamental similarity of the Indictments – on their face – is sufficient for these cases to be tried together, several other factors also weigh in favor of a single trial[2]:

---

issue. 2010 WL 1583097, at **34, **34 n.34. In Heilman, the Third Circuit noted that "we have suggested that Rule 8(a) may provide the proper standard for joinder of offenses against one defendant, even in cases with multiple defendants," and actually proceeded to analyze the joinder of offenses in that multi-defendant case under Rule 8(a). Id.
 Although Rule 8(a) "is more permissive because it allows joinder when offenses are of the same or similar character, whereas Rule 8(b) does not," see id. at **34 n.34, we respectfully submit that the two Indictments in this case should be tried together under either standard. Under Rule 8(b), the defendants in the two Indictments are clearly "alleged to have participated in the same ... series of acts or transactions" – conspiracies between employees of Broadway Concrete and members of labor unions to circumvent CBA rules, in connection with a single project at the 77 Hudson Street job site in 2007-2008. See Fed. R. Crim. P. 8(b).

6

1. The Government Treats the Two Cases as Effectively Joined

Throughout this case, the government has treated the two Indictments as part of a single case. On April 19, April 25, April 27, May 3, the government sent single discovery letters to defense counsel related to both Indictments jointly. (See Exhibit A, collected letters.) The government's May 6, 2011 letter to the Court is particularly striking. (See id.) There, the government writes that "This letter is submitted to update the Court on the progress of discovery in the above-captioned matter" (singular). (See id.)

In fact, in this case the government issued a single press release describing both Indictments. (See Exhibit B.) That press release describes the case in terms similar to those argued here. It states that all of the defendants face charges "stemming from their involvement in a Jersey City, N.J., construction project between 2007 and 2008." (See id. at 1.) It further states that Genovese was "charged in two separate Indictments with "various offenses relating to his role as a Project Manager for New York-based 160 Broadway Concrete, a sub-contractor at a high-rise construction project at 77 Hudson Street in Jersey City, N.J." (See id.) The press release references a single investigation leading to the charges. (See id. at 2.)

The manner in which the government has handled discovery further demonstrates that it has treated these Indictments as a single case. Attached to the April 25, 2011 discovery letter is an inventory of the available discovery. As with the letter itself, the discovery inventory is not

---

² Under Rule 8, the Court "may look beyond the face of the indictment in limited circumstances, *e.g.* where pretrial documents clarify the factual connections between the counts." See Heilman, 2010 WL 1583097, at *34 (citing United States v. McGill, 964 F.2d 222, 242 (3d Cir.1992)); United States v. Hudgins, 338 Fed. App'x 150, 2009 WL 2219240, at **2 (3d Cir. July 27, 2009) ("[I]n Rule 8 motions, courts may look beyond the indictment for information that clarifies factual connections between the counts.") (also citing McGill, 964 F.2d at 242).

divided into two cases, but rather provided as a single body. The inventory is titled – as the letters – with the captions from both Indictments. (See Exhibit A.)

### 2. The Evidence In the Two Cases Substantially Overlaps

That the government has handled discovery as for a single case is unsurprising, because the (voluminous) evidence overlaps substantially. For example, most of the listed discovery – "Broadway Concrete payroll/timekeeper records," "Broadway Concrete checks" and "payroll records" – is evidence relevant to the charges in both Indictments. (See Exhibit A, letter dated April 25, 2011, at attachment.) This overlap should weigh heavily in favor of a single trial here, because under a Rule 8 analysis "counts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection *and can be tried using the same evidence*. Moreover, offenses may be joined if they occurred within a relatively short period of time of each other *and the evidence of each overlaps*." Heilman, 2010 WL 1583097, at **34 (emphasis added; internal citations omitted).

Because of the significant overlap in evidence, a single trial would also substantially conserve judicial resources. If the Court were to order two separate trials in this case, much (or most) of the evidence would be repeated at both. First, all of the background to the charges would necessarily be repeated at both trials. Two separate juries would learn (from scratch) about the construction industry, labor unions and collective bargaining agreements (including the rules under which workers are selected and paid), and benefit funds. Two separate juries would learn about Broadway Concrete, Genovese's role at the company, and the 77 Hudson Street project.

Second, a large volume of documentary evidence would be repeated. Two separate juries would have to sift through voluminous company records covering the same company and the same construction project, during the same time period. Under these circumstances, we respectfully submit that judicial efficiency strongly favors a single trial in this case. See United States v. Riley, 621 F.3d 312, 334 (3d Cir. 2010) ("[I]t was in the interest of judicial efficiency to join these claims."); Hudgins, 2009 WL 2219240, at **2 ("Joinder is desirable at the trial level because it 'promote[s] economy of judicial and prosecutorial resources.'").

3. A Single Trial Would Not Risk Undue Confusion or Unfair Prejudice

In this case, a single trial would not produce undue confusion for a jury. In fact, it is not uncommon for a single case to involve charges relating to more than one labor union and collective bargaining agreement. An example from this district was set forth in a government press release dated May 8, 2008. (See Exhibit C.) That press release describes a single indictment charging both (a) a conspiracy "to circumvent and ignore requirements of the collective bargaining agreement between Barone Construction and Local 825" and (b) a conspiracy between defendants and a "Business Agent of Local 1153 of the Laborers International Union of North America, to allow Par Wrecking Corporation to use non-union labor at a demolition project." (See id. at 3; see also, e.g., Exhibit D, Eastern District of New York press release, dated February 7, 2008, describing single indictment involving charges related to three separate labor unions.) A single trial dealing with two labor unions but only one business, one construction site, one time frame, and one theory of fraud (circumventing CBAs) cannot be said to be unduly difficult for a jury to follow.

Further, combining the two Indictments in a single trial would not unfairly prejudice the defendants in Indictment 165. Indictment 165 already contains allegations regarding two separate and distinct conspiracies to defraud Local 780, and not all of the defendants are charged in both conspiracies. In fact, Genovese is charged only in the first conspiracy, and not in the second. We respectfully submit that adding additional charges against Genovese from Indictment 164 is no more prejudicial to the other defendants than a joint trial of the two conspiracies in Indictment 165 is to Genovese himself.[3]

For all of the reasons set forth above, we respectfully submit that a single trial is most appropriate in this case under Rule 13.

**B.      The Government Should be Ordered to Provide a Bill of Particulars**

The government should be ordered to provide a bill of particulars specifying whether the term "embezzlement" as it appears in both Indictments indicates a government theory that Genovese personally received improper gains. In Indictment 164, Count Four, for example, the government alleges that Genovese "knowingly embezzled" assets – without specifying whether he personally received that property. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the filing of a bill of particulars. The Third Circuit has stated that "[t]he purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States

---

[3]     Even if there were two separate trials in this case, evidence of the first conspiracy (Indictment 164) could potentially be admitted at the second trial (Indictment 165) as proof of plan and knowledge under Rule 404(b) of the Federal Rules of Evidence. Therefore, no additional prejudice would accrue to the Indictment 165 defendants if the cases were tried together. See Hudgins, 2009 WL 2219240, at **3.

10

v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir.1972)). In this case, in order to understand the nature of the charges brought against him, and to adequately prepare his defense, Genovese must know whether the government will argue that he personally obtained funds as a result of the charged conspiracies. Certainly, it will determine what pieces of evidence are most significant in mounting his defense. A bill of particulars is also "designed to define and limit the government's case." See United States v. Smith, 776 F.2d 1104, 1111 (3d Cir.1985). If the government plans to argue that Genovese personally received these funds, it should commit to that course now. We respectfully submit, therefore, that a bill of particulars should be ordered here.

## CONCLUSION

For the reasons set forth above, we respectfully submit that the Court should grant Anselmo Genovese's motions for a single trial under Rule 13, and a bill of particulars under Rule 7(f).

Anselmo Genovese joins in the motions of his co-defendants to the extent that they are applicable to him, and seeks leave to supplement this motion and to file additional motions upon receipt of additional discovery from the government.

Dated: June 17, 2011

Respectfully submitted,

_____
Gerald L. Shargel
Evan L. Lipton
Law Offices of Gerald L. Shargel
570 Lexington Avenue, 45th Floor
New York, NY 10022

*Attorneys for Anselmo Genovese*