**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

lfs /PL AGR
USAO2011R000415

970 Broad Street, Suite 700        973/645-2700
Newark, NJ 07102

November 16, 2011

Gerald L. Shargel, Esq.
Law Offices of Gerald L. Shargel
570 Lexington Avenue
New York, N.Y. 10022

    Re:  <u>Plea Agreement with Anselmo Genovese</u>

Dear Mr. Shargel:

    This letter sets forth the plea agreement between your client, Anselmo Genovese, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Anselmo Genovese to Counts Two and Three of Indictment, Crim. No. 11-164, charging him with making unlawful labor payments, to an employee of Local 325 of the Laborer's International Union of North America ("Local 325"), in violation of 29 U.S.C. § 186(a)(1) and (d)(2) and Title 18 U.S.C. § 2. If Anselmo Genovese enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anselmo Genovese for 1) conspiring to make unlawful labor payments and embezzling the assets of Local 325 during the period from in or about early 2007 through in or about April 2008, 2) conspiring to obtain and obtaining Rocco Mazzaferro a no-show job at 160 Broadway Corporation during the period from on or about September 25, 2007 through on or about July 29, 2008, 3) conspiring to obtain and obtaining Rocco Mazzaferro vacation and medical benefits to which he was not entitled from the Cement Mason's Local 780 Fringe Benefit Funds ("Local 780 Benefit Funds") during the period from October 1, 2007 through on or about December 1, 2009, and 4) conspiring to obtain and obtaining Vincenzo Genovese pension benefits from the Local 780 Benefit Funds to which he was not entitled in certain months during the period from on or about October 1, 2007 through on or about June 30, 2008. In addition, if Anselmo Genovese fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office

will move to dismiss Counts One and Four of the Indictment, Crim. No. 11-164, and Counts One through Sixteen of Indictment, Crim. No. 11-165 against Anselmo Genovese. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anselmo Genovese may be commenced against him, notwithstanding the expiration of the limitations period after Anselmo Genovese signs the agreement.

Sentencing

The violations of 29 U.S.C. § 186 charged in Counts Two and Three to which Anselmo Genovese agrees to plead guilty each carry a statutory maximum prison sentence of five years. With respect to each of these offenses, Anselmo Genovese can be fined a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Anselmo Genovese is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anselmo Genovese ultimately will receive.

Further, in addition to imposing any other penalty on Anselmo Genovese, the sentencing judge: (1) will order Anselmo Genovese to pay an assessment of $100 per count, for a total of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Anselmo Genovese to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Anselmo Genovese, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) may require Anselmo Genovese to serve a term of supervised release of not more than three years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Anselmo Genovese be placed

on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Anselmo Genovese may be sentenced to not more than two years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Anselmo Genovese by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Anselmo Genovese's activities and relevant conduct with respect to this case.

Stipulations

This Office and Anselmo Genovese agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Anselmo Genovese from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not

- 3 -

restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Anselmo Genovese waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Anselmo Genovese. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Anselmo Genovese.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Anselmo Genovese and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Leslie Faye Schwartz
Assistant U.S. Attorney

APPROVED:

Judith H. Germano,
Economic Crimes Unit Chief, Criminal Division

I have received this letter from my attorney, Gerald L. Shargel, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 12/16/11
Anselmo Genovese

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 12/16/11
~~Gerald L. Shargel, Esq.~~
EVAN L. Lipter

<u>Plea Agreement With Anselmo Genovese</u>

<u>Schedule A</u>

1.  This Office and Anselmo Genovese recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Anselmo Genovese nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Anselmo Genovese within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Anselmo Genovese further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable sentencing guideline for the offenses charged in Counts Two and Three of Indictment, Crim. No. 11-164, making an unlawful labor payment, contrary to Title 29, United States Code, Section 186, is U.S.S.G. § 2E5.1 (Prohibited Payments to Representatives of Labor Organizations).

3.  Pursuant to U.S.S.G. § 3D1.2(d), Counts Two and Three of the Indictment, Crim. No. 11-164, are to be grouped together for guideline calculations.

4.  The criminal conduct charged in Counts Two and Three of the Indictment, Crim. No. 11-164, consisted of bribes. As a result the Base Offense Level is 10. See U.S.S.G. § 2E5.1(a)(1).

5.  The total amount of the prohibited payments was more than $5,000 but less than $10,000. This results in an increase in the offense level of 2 levels. <u>See</u> U.S.S.G. § 2E5.1(b)(2)(B); U.S.S.G. § 2B1.1(b)(1)(B).

6.  As of the date of this letter, Anselmo Genovese has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Anselmo Genovese's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7.  In accordance with Paragraphs 1 through 6 above, the parties agree that the total Guidelines offense level

applicable to Anselmo Genovese is 10 (the "agreed total Guidelines offense level").

8.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 10 is reasonable.

9.  Anselmo Genovese knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.