

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, Suite 700                          (973) 645-2700
Newark, NJ 07102

August 23, 2012

Honorable Katharine S. Hayden
U.S. Courthouse & Post Office Building
Federal Square
Newark, New Jersey 07101

**SENT BY ELECTRONIC MAIL**

         Re:  United States v. Anselmo Genovese
              Crim. No. 11-164

Dear Judge Hayden:

         On or about July 11, 2012, this Court sentenced defendant
Anselmo Genovese to a probationary term of three years with a
special condition of eight months of home confinement.  The
United States submits this letter in opposition to the request of
defendant Genovese to modify the terms of his home confinement.

         Genovese has two children that visit him every weekend, and
for additional unscheduled visits during the week. His electronic
monitoring device[1] does not reach the yard of his residence.
Genovese has requested that this Court enter an Order permitting
him to "enter the yard of his residence between 7:00 a.m. and
9:00 p.m. whenever either of his children are present."  The
government opposes this request for several reasons.

         First, once the electronic monitoring device is deactivated
due to the children being "present" the Probation Office will
have no way to monitor whether Genovese is in fact in his yard or
somewhere else during the 7:00 a.m. to 9:00 p.m. time frame.

         Second, Genovese has already been given permission to leave
his residence for employment purposes.  In this regard, he has
provided Probation with a work schedule of 5:00 a.m. until 9:00
p.m. from Monday to Saturday.  Thus, Genovese is already

_____

         [1] Probation Officer Javier Enciso advised that the
electronic monitoring equipment was activated on August 21, 2012.

1

Hon. Katharine S. Hayden
July 10, 2012
Page 2

permitted to be out of his home 16 hours a day for "work" purposes.  The only day of the week that Genovese is actually at home is Sunday.  If the Court were to permit Genovese an additional 14 hour window to be in the "yard," it would, for all practical purposes, render the "home confinement" aspect of Genovese's sentence a complete nullity, and would not provide just punishment for the instant offense, see 18 U.S.C. § 3553(a)(2)(A).

Third, the existing home confinement terms do not prevent the children from using the "yard" when they visit the defendant. To the extent that the children require supervision in the yard, it should be incumbent upon the defendant to make the necessary arrangements. Defendant has both the family support[2] and financial resources to make that happen.  Moreover, it is my understanding that the home itself provides ample means of entertainment for the children, including a gym and basketball court.  Moreover, given that the defendant will be on home confinement during the fall and into the winter months, the children's use of the yard until 9:00 p.m. at night appears unlikely.

For all these reasons, the government respectfully requests that this Court deny the current application.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

s/ Leslie F. Schwartz
By: LESLIE F. SCHWARTZ
Assistant U.S. Attorney

cc: Gerald L. Shargel, Esq. (by e-mail)
    Javier Enciso, U.S.P.O. (by e-mail)

---

[2] In this regard, defendant's fiancee resides with the defendant at his residence in Staten Island.  (PSR at ¶ 99.)

2