# GERALD L. SHARGEL

GERALD L. SHARGEL
ROSS M. KRAMER
EVAN L. LIPTON
JENNIFER HAYS

LAW OFFICES

1790 BROADWAY, SUITE 1501
NEW YORK, NEW YORK 10019
TEL: 212.446.2323
FAX: 212.446.2330
info@shargellaw.com

August 27, 2012

Hon. Katharine S. Hayden
United States District Court Judge
District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   United States v. Anselmo Genovese
      Cr. No. 11-164

Dear Judge Hayden:

    I write in response to the government's letter of August 23, 2012, and in further support of Sam Genovese's motion to modify his conditions of confinement so that he may enter the back yard of his residence with his children when they are under his supervision. For the reasons discussed below, the proposed modification will not prevent the Probation Department from monitoring Genovese's compliance and should, it is respectfully submitted, be granted.

    The government apparently misapprehends the current conditions of Genovese's sentence. Genovese is permitted to leave his home for work purposes between the hours of 5:00 a.m. and 9:00 p.m. Monday through Saturday. These hours are the outside boundaries of when he is permitted to leave his residence for work and were set to avoid the need to re-calibrate the monitoring equipment due to changes in his work schedule. If Genovese does not have work during these hours, he must return home, although the equipment will remain deactivated until the 9:00 p.m. cut off. The request for permission to enter his back yard when his children are present was specifically made to fall during the hours that the equipment is deactivated so as to not create any complications for the supervising probation officer.[1]

---

[1] The requested modification would simply require that the electronic monitoring equipment be set to the same schedule seven days per week, rather than the current six-day schedule.

   The government is also mistaken when it suggests that the proposed modification would result in Genovese not being sufficiently monitored.  Deactivation of the equipment, of course, does not free Genovese from his obligation to follow the rules set by the Probation Department.  These rules are not enforced by electronic monitoring alone, but by a combination of electronic monitoring, spot-checks, and the defendant's strong motivation to abide by the rules so as not to be re-sentenced to a term of incarceration.  Just like the condition requiring Genovese to be inside of his residence if he is not at work – including during the hours that the monitoring equipment is deactivated –under the proposed modification he would not be permitted in his yard unless his children are present.

   Finally, the government suggests that Genovese have his fiancée supervise his children when they are playing in the yard, or that he hire help to do so.  The purpose of Genovese sharing custody of his children is for him to maintain a relationship with them.  This is not accomplished through engaging others to care for them.

   For the reasons stated herein, and in Genovese's letter of August 21, 2012, it is respectfully requested that the Court grant the proposed modification.

Respectfully yours,<br><br>Gerald L. Shargel

cc: Leslie F. Schwartz
   *Assistant United States Attorney*

   Javier Enciso
   *United States Probation Officer*

   (by ECF and email)